IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **FREDDIE SAMS,** : | |
| : | **Case No. 2:19-cv-5330** |
| **Plaintiff,** : | |
| : | **CHIEF JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | **Magistrate Judge Chelsea M. Vascura** |
| **FRANKLIN COUNTY, OHIO, et al.,** : | |
| : | |
| : | |
| **Defendants.** : | |

## <u>OPINION & ORDER</u>

### I. INTRODUCTION

This matter is before the Court on Defendant Franklin County, Ohio and Defendant Franklin County Sherriff's Office Motion to Dismiss. (ECF No. 11). The Motion is ripe for review, and the Court will resolve the matter without a hearing. For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

### II. BACKGROUND

Plaintiff Freddie Sams went to the hospital to be treated for a fractured hand and wrist and for a stab wound on or about November 18, 2017. (ECF No. 1 ¶ 18). Before Plaintiff left the hospital, Franklin County Sheriff's deputies arrested him for domestic violence and transported him to a Franklin County correctional facility. (*Id.* at ¶¶ 20–21). The domestic violence charges against Plaintiff were later dismissed, and he was released from the correctional facility on December 12, 2017. (*Id.* at ¶¶ 24–25). Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated because he was not provided with proper medical care during his time in the correctional facility. (*Id.* at ¶¶ 5–8).

1

Plaintiff filed § 1983 claims against Franklin County, Ohio, Franklin County Sheriff's Office, NaphCare, Inc. (a third-party medical provider), and six John and Jane Does. (ECF No. 1). Approximately four months later, Plaintiff was ordered to substitute the true identities for the John and Jane Does. (ECF No. 16). Plaintiff responded by filing a Motion to Amend and Rename the Parties (ECF No. 19), to which he attached an Amended Complaint (ECF No. 22).

Defendants Franklin County, Ohio and Franklin County Sheriff's Office responded to Plaintiff's original Complaint and moved to dismiss for failing to state a claim upon which relief can be granted. (ECF No. 11). Specifically, Defendants argue that they were not deliberately indifferent to his medical needs and that Plaintiff was not deprived of his constitutional rights.

### III. STANDARD OF REVIEW

The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). Under modern federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint will survive a motion to dismiss if the plaintiff alleges facts that "state a claim to relief that is plausible on its face" and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must therefore "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable theory." *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In assessing the sufficiency and plausibility of a claim, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (quotation omitted).

## IV. ANALYSIS

### A. Amending the Complaint

Plaintiff was ordered to identify the true identities of the John and Jane Does he cited in his original Complaint. (ECF No. 13). Plaintiff responded by filing a Motion to Amend and Rename the Parties, to which he attached an Amended Complaint. (ECF No. 19, ECF No. 22). The Amended Complaint is virtually identical to the original Complaint, aside from one additional paragraph naming the individual Defendants and a revised case caption identifying the same individuals. *Compare* ECF No. 1 *with* ECF No. 22 (showing that the two complaints contain the exact same substantive allegations against Defendants).

Before Plaintiff submitted his Amended Complaint, Defendants had responded to the original Complaint by filing a Motion to Dismiss. (ECF Nos. 9, 10, 11). Because the Amended Complaint is substantively identical to the original Complaint, Defendants' Motion to Dismiss is not moot, and the original Complaint controls the Court's forthcoming analysis.

### B. Deliberate Indifference

The Constitution "does not mandate comfortable prisons," but it also does not permit inhumane ones. *Farmer v. Brannan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). It is well-settled that "the treatment a prisoner receives in prison and the conditions under which he [or she] is confined are subject to the scrutiny of the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Similarly, pretrial detainees are protected from cruel and unusual punishment by the Due Process Clause of the Fourteenth Amendment. *Winkler v. Madison Cnty.*, 893 F.3d 877, 890 (6th Cir. 2018). These constitutional

provisions protect incarcerated people from "deliberate indifference" to their serious medical needs. *Farmer*, 511 U.S. at 835. To sustain liability under the deliberate indifference standard, a plaintiff must satisfy an objective component, which measures the seriousness of the medical need, and a subjective component, which measures the knowledge and actions of the defendants. *Id.* at 838–39; *Winkler*, 893 F.3d at 890. The defendants "must know of and disregard an excessive risk to inmate health or safety; the [defendants] must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and [they] must also draw the inference." *Id.* at 837.

Here, the Complaint fails to cite specific facts that demonstrate the subjective component of the deliberate indifference standard. The Complaint does not allege facts that any Defendant knew of an excessive risk to Plaintiff's hand if specific medical treatment was not provided. Likewise, the Complaint does not allege that any Defendant inferred an excessive risk to Plaintiff's hand if specific medical treatment was not provided. Instead, Plaintiff alleges that "Defendants failed to change [his] bandages and casts until they smelled, ignored [his] requests for treatment and aid over 8 times because it was inconvenient for the deputies or they were to [sic] busy feeding other prisoners, or the nurses were on shift change." (ECF No. 1 at ¶ 27). These allegations do not constitute deliberate indifference because they do not show that Defendants' inaction was despite their "knowledge of a substantial risk of serious harm" to Plaintiff. *Farmer*, 511 U.S. at 842. Plaintiff also alleges that Defendants "in one way or another" were responsible for providing medical care to him "and instead were deliberately indifferent." (ECF No. 1 ¶ 17). This conclusory statement is likewise insufficient to meet the pleading standard of the Federal Rules of Civil Procedure. *See Iqbal*, 556 U.S. at 678, citing *Twombly*, 550 U.S. at 555 ("[T]he tenet that a court

must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.").

## V. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss. (ECF No. 11). Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**. This matter is now closed.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: November 2, 2020**