UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FREDDIE SAMS,**

    **Plaintiff,**

v.                                                                 Civil Action 2:19-cv-5330
                                                                       Chief Judge Algenon L. Marbley
                                                                   Magistrate Judge Chelsey M. Vascura

**FRANKLIN COUNTY, OHIO,** *et al.***,**

    **Defendants.**

**OPINION AND ORDER**

This action arises out of Plaintiff's claims under 42 U.S.C. § 1983 against Franklin County, Ohio, the Franklin County Sheriff's Department, Naphcare Inc., and several individual Defendants for deliberate indifference to Plaintiff's medical needs while incarcerated at a Franklin County corrections facility.  (Am. Compl., ECF No. 22.)  This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 53).  For the following reasons, Plaintiff's Motion (ECF No. 53) is **GRANTED**.

    **I.**        **BACKGROUND**

Plaintiff's original Complaint named as Defendants Franklin County, Ohio, the Franklin County Sheriff's Department, Naphcare Inc., and several John and Jane Doe Defendants.  (ECF No. 1.)  Plaintiff amended his Complaint on May 8, 2020, to identify the Doe Defendants as Sergeant Jay Muncy, Major Michael Turner, Brooke New-Berry, Elizabeth Levering, Deddeh Sumo, and Elizabeth Flores, but did not otherwise amend the substance of his allegations.  (Am. Compl., ECF No. 22.)

On November 2, 2020, the Court granted Defendants Franklin County, Ohio, and the Franklin County Sheriff's Department's Motion to Dismiss.  (ECF No. 41.)  The case was briefly closed in its entirety due to an administrative error that inadvertently dismissed the remaining Defendants who were not subject to the Motion to Dismiss, but was re-opened as to the remaining Defendants on December 16, 2020.  (ECF No. 43.)  The remaining Defendants filed Motions for Judgment on the Pleadings on January 7, 2021, and January 13, 2021 (ECF Nos. 46, 49.)

Plaintiff filed the present Motion on February 1, 2021, seeking leave to file a Second Amended Complaint to "more clearly and specifically set forth the behavior of the Defendants that gave rise to the claims in the complaint."  (Mot. 3, ECF No. 53.)  All remaining Defendants oppose the Motion.  Defendants Muncy and Turner assert they will suffer undue prejudice and delay as a result of the amendment.  (ECF No. 61.)  Defendants NaphCare Inc., Flores, Levering, New-Berry, and Sumo oppose the amendment as futile.  (ECF No. 62.)

## II.   STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 15(a)(2), the Court should "freely give leave" for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (internal quotations omitted) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits").  "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53

2

F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III. ANALYSIS

The undersigned first addresses Defendants Muncy and Turner's assertions of undue prejudice and delay. This argument lacks merit. To support their assertions of prejudice and delay, Muncy and Turner state, "Plaintiff is not seeking to add any new claims, but rather, the second proposed complaint does little more than restate the same allegations" contained in the original Complaint. (Mem. in Opp'n 3, ECF No. 61.) This being the case, the undersigned cannot discern any prejudice to Defendants from being obliged to continue defending the same claims that have been part of the case from its inception. Nor does the undersigned credit Muncy and Turner's argument that they would be prejudiced by having to file another answer and motion for judgment on the pleadings. (*Id.*, 3–4.) Because the proposed Second Amended Complaint, according to Turner and Muncy, does not substantively change the allegations, it should require little time or effort on their part to respond to the Second Amended Complaint.

By contrast, Defendants NaphCare Inc., Flores, Levering, New-Berry, and Sumo argue that Plaintiff's proposed amendment is futile. Because "denying a motion for leave to amend on grounds that the proposed [amended pleading] is legally insufficient is, at least indirectly, a ruling on the merits" of the claims presented in the complaint, this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion. *Durthaler v. Accounts Receivable Mgmt., Inc.*, 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (recognizing the "conceptual difficulty presented"); 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a

3

magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to amend his complaint with the understanding that Defendants are free to challenge the Second Amended Complaint through a motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV. DISPOSITION

In sum, for the reasons set forth above, Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 53) is **GRANTED**. The Clerk is **DIRECTED** to file on the docket Plaintiff's Second Amended Complaint, filed in conjunction with Plaintiff's Motion (ECF No. 54.) Further, Defendants' Motions for Judgment on the Pleadings (ECF No. 46, 49) are **DENIED WITHOUT PREJUDICE** to Defendants' challenging the Second Amended Complaint with a motion to dismiss or motion or judgment on the pleadings.

IT IS SO ORDERED.

                                                                                 */s/ Chelsey M. Vascura*
                                                                                 CHELSEY M. VASCURA
                                                                                 UNITED STATES MAGISTRATE JUDGE